IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LIQUIDAGENTS HEALTHCARE, LLC,
*a Texas limited liability corporation*,

                               Case No. 1:20-cv-02225-CL

           Plaintiff,

      v.                                OPINION AND ORDER

EVANSTON INSURANCE COMPANY,
*an Illinois corporation*,

           Defendant.

_____

CLARKE, Magistrate Judge.

Plaintiff LiquidAgents Healthcare LLC, ("LiquidAgents"), brings this cause of action against the defendant Evanston Insurance Co., for failure to defend Plaintiff in a third-party action in Jackson County, Oregon. The case comes before the Court on the defendant's motion to transfer venue (#15). For the reasons below, the motion is DENIED.

## DISCUSSION

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought[.]" The purpose of section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citation and quotation omitted).

A motion to transfer lies within the broad discretion of the district court and must be determined on a case-by-case basis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The burden is on the moving party to demonstrate that the balance of conveniences favoring the transfer is high. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002).

The court employs a two-step analysis to determine whether transfer is proper. First, the court asks whether "the transferee district was one in which the action 'might have been brought' by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). Second, if this threshold showing is made, the court may consider "'individualized, case-by-case consideration[s] of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Barrack*, 376 U.S. at 622). The Court's case-by-case consideration involves the assessment of a number of factors, such as (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones*, 211 F.3d at 498-99.

## I.    This case could have been brought in the Eastern District of Texas.

Because section 1404(a) only allows transfer to another district where the action might have been brought, the Court must first determine whether this case could have been brought in

the Eastern District of Texas. Venue is proper in any judicial district where (1) a defendant resides, as long as all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions leading to the claim or claims occurred, or where a substantial portion of the property subject to the action is located; or (3) if no other district exists, a district where the defendant or defendants are subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b).

Here, the insurance contract was entered into in the geographic region encompassing the Eastern District of Texas. None of the events or omissions leading to the claim or claims occurred there.  The defendant does not "reside" in Texas but is probably subject to the court's personal jurisdiction for issuing the insurance policy to the Plaintiff there. On balance, the Court finds that this case could have been brought in the Eastern District of Texas.

## II.    Considerations of convenience and fairness militate against transfer.

### a.  Neutral factors

At the outset, the Court notes that many of the applicable factors are neutral or irrelevant. The Court is unaware of any pending claims that may be consolidated with this case. The Court has been presented with no evidence to suggest the Eastern District of Texas is any more or less burdened by its caseload than is this District.  As an action to determine whether defendant had a duty to defend the Plaintiff in prior litigation, this case will turn on the Court's legal interpretation of the insurance policy language, thus the convenience of the parties and witnesses and ease of access to evidence are all non-factors.[1]

### b. Location where the relevant agreements were negotiated and executed weighs in favor of transfer.

---

[1] Additionally, ease of access to evidence is generally not a predominate concern in evaluating whether to transfer venue because 'advances in technology have made it easy for documents to be transferred to different locations.'" *Byler v. Deluxe Corp.*, 222 F. Supp. 3d 885, 906-07 (S.D. Cal 2016).

The Court agrees with the defendant that the location where the relevant agreements were negotiated and executed weighs in favor of transfer. However, as Plaintiff argues, Evanston is a national insurer that specifically agreed in the policy that "[t]he insurance afforded applies worldwide, provided the Claim is made in the United States" and further agreed that it would "submit to the jurisdiction of a court of competent jurisdiction within the United States," Plf. Resp Brief 3 citing (Dkt. 1, Ex. C at 15, 22).  Plaintiff contends that Liquidagents utilized a broker in Illinois, obtaining coverage from Evanston in Illinois; Plaintiff and Evanston did not have any meetings in Texas negotiating and executing the Policy.  Therefore, while this factor weighs in favor of transfer, it does not weigh heavily.

### c.  Familiarity with applicable law weighs against transfer.

The defendant argues that the Eastern District of Texas will be more familiar with Texas law, which must govern the interpretation of the insurance policy because that is where the policy was issued and because Texas Insurance Code article 21.42 states a preference for applying Texas law to an insurance contract involving a Texas citizen and an insurance company that does business in Texas. *See* Tex. Ins. Code Ann. art. 21.42.  However, Plaintiff argues that defendant Evanston is a national insurer, and the policy looks to be a standard form. *See Great Am. All. Ins. Co. v. SIR Columbia Knoll Assocs. Ltd. P'ship*, 416 F. Supp. 3d 1098, 1106 (D. Or. 2019) ("The place where the policies were negotiated and delivered has little relevance here because the insurance policies at issue appear to be standard forms."). Defendant has not pointed to any Texas-specific provisions, nor has defendant pointed to any difference or conflicts in Oregon law as compared to Texas law regarding these types of policies or the specific policy language in this case.  The Court does not find the defendant's argument regarding the Texas Insurance Code dispositive of this factor.  *See, e.g., In re Tex. E. Transmission Corp. PCB*

*Contamination Ins. Coverage Litig.*, 870 F. Supp. 1293, 1337–1338 (E.D. Pa. 1992) (discussing Texas Insurance Code Article 21.42 in the context of a choice of law analysis regarding a Texas insured, but determining that a different substantive law governs).

In addition, Plaintiff argues that Oregon law will apply in this case because Oregon has the more significant relationship to the underlying third-party case, which arises from Oregon state law claims asserted in an Oregon personal injury lawsuit arising out of events in Oregon. Defendant responds by pointing out that the underlying case was dismissed after Liquidagents moved to dismiss the case for improper venue.  Moreover, it appears that the issue in this case will be, most crucially, about the duty to defend the case that was filed in the third-party litigation.  If the defendant had an obligation to defend, its obligation was rooted here where that case was filed.a

Regardless, in the absence of a specific difference between Oregon and Texas law identified by the defendant, the Court assumes, without deciding, that Oregon law applies to this case. Therefore, the factor considering the familiarity of each forum with the applicable law weighs against transfer, but it does not weigh heavily.

> **d. The parties' contacts with the forum and the contacts relating to Plaintiff's cause of action in the chosen forum weigh slightly against transfer.**

The parties' respective contacts with both forums are somewhat limited. Plaintiff is a resident of Texas, and the insurance Policy was issued to Plaintiff in Texas. However, Plaintiff also has contacts with Oregon because it sends its employees to work here.  Additionally, the third-party claim was filed in Oregon, and Evanston denied Plaintiff coverage and refused to defend Plaintiff in Oregon. Therefore, the contacts relating to Plaintiff's cause of action all occurred in Oregon. These two factors weigh against transfer, but they do not weigh heavily.

**e.  Plaintiff's choice of forum weighs heavily against transfer.**

When deciding a motion to transfer venue, a court "must balance the preference accorded the plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir.1986) (citations omitted). *See also Creative Tech., Ltd. v. Aztech Sys*., 61 F.3d 696, 703 (9th Cir.1995) (noting the "strong presumption" in favor of a plaintiff's choice of forum). The defendant has the burden to "make a strong showing of inconvenience" to upset the plaintiff's choice of forum. *Id*.  Plaintiff clearly prefers to litigate in this forum, based on filing the case here and opposing the motion to transfer venue. Defendant has not made a strong argument for why any party would be inconvenienced by litigating the case in Oregon instead of Texas, nor has defendant persuaded the Court that transfer would serve the interests of justice. This factor weighs heavily against transfer.

## ORDER

Many of the *Jones* factors are neutral or irrelevant in this case. Only one factor weighs in favor of a transfer of venue.  Multiple factors weigh against transfer, including the Plaintiff's choice of forum, which weighs heavily.  The defendant has not made a strong showing of inconvenience necessary to upset Plaintiff's choice of forum.  Therefore, defendant's motion (#15) is DENIED.

ORDERED and DATED this _____ 5 _____ day of April, 2021.

MARK D. CLARKE
United States Magistrate Judge