IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LIQUIDAGENTS HEALTHCARE, LLC,
*a Texas limited liability corporation*,

Plaintiff,

v.

EVANSTON INSURANCE COMPANY,
*an Illinois corporation*,

Defendant.

Case No. 1:20-cv-02225-CL

OPINION AND ORDER

---

CLARKE, Magistrate Judge.

Plaintiff LiquidAgents Healthcare, LLC, ("LiquidAgents") brings this cause of action against Evanston Insurance Company ("Evanston") for the failure to defend Plaintiff in connection with a lawsuit filed in Jackson County Circuit Court. The case comes before the Court on a motion to amend the complaint, filed by LiquidAgents. Evanston opposes the motion as untimely. For the reasons below, LiquidAgents' motion (#84) is GRANTED. The amended complaint shall be filed by April 1, 2024.

## BACKGROUND

The Court has already ruled on the merits of two of Plaintiff's claims and determined that Evanston had the duty to defend LiquidAgents under the terms of the insurance contract and that Evanston breached that duty by refusing to defend the underlying litigation. *See* (#46, #50). Since then, the underlying litigation has settled, albeit without Evanston's participation or approval. LiquidAgents has amended the complaint to add claims based upon Evanston's duty to indemnify LiquidAgents regarding the amounts LiquidAgents paid in the settlement. Second Amended Complaint ("SAC") (#59). Settlement negotiations between LiquidAgents and Evanston have not been successful. The parties have proceeded with fact discovery and expert discovery and recently extended the case deadlines. Currently, discovery is to be completed by June 21, 2024, and dispositive motions are due on July 19, 2024. No trial date is set.

On December 29, 2023, the Oregon Supreme Court decided *Moody v. Oregon Community Credit Union*, 371 Or. 772 (2023). In that decision, the Court acknowledged that a plaintiff may assert a negligence claim based upon the defendant's violation of a standard of care expressed by a statute. Plaintiff LiquidAgents now moves to amend their complaint to include a negligence claim based upon Evanston's violation of the standard of care expressed by the Oregon Unfair Claims Settlement Practices Act, ORS 746.230.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." This rule represents a "strong policy permitting amendment." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir.1991). The liberality of the rule is qualified by the requirement that the amendment not cause undue prejudice to the opposing party, is not sought in bad faith, and is not futile. *Green v. City of Tucson*, 255 F.3d

1086, 1093 (9th Cir.2001). The consideration of prejudice to the opposing party carries the greatest weight and is the "touchstone of the inquiry under Rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003). Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.*

The Court has considered the factors laid out above, namely the potential undue prejudice to Evanston, as well as the timeliness, and the potential bad faith and futility of amendment in this case. Certainly, this case has now been pending for several years, and Evanston's argument that this claim could have been added to the Second Amended Complaint last summer is well taken. However, the Oregon Supreme Court decided Moody less than three months ago. The parties have mutually agreed to the current case deadlines, including the close of discovery in June, and dispositive motions, if any, due in mid-July. Therefore, the Court can find no undue prejudice to Evanston in granting the motion to amend. Leave to amend should be freely granted when justice so requires, and without any undue prejudice to the opposing party, the presumption in favor of granting leave to amend weight in favor of the Plaintiff.

## ORDER

For the reasons above, Plaintiff LiquidAgents motion (#84) for leave to file a third amended complaint is GRANTED. The amended complaint shall by filed by April 1, 2024. All other case deadlines shall remain as scheduled.

It is so ORDERED and DATED this _26_ day of March, 2024.

_____
MARK D. CLARKE
United States Magistrate Judge