IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LIQUIDAGENTS HEALTHCARE, LLC,
*a Texas limited liability corporation*,

Plaintiff,

v.

EVANSTON INSURANCE COMPANY,
*an Illinois corporation*,

Defendant.

Case No. 1:20-cv-02225-CL

OPINION AND ORDER

CLARKE, Magistrate Judge

    Plaintiff LiquidAgents Healthcare, LLC, ("LiquidAgents") brings this cause of action against Defendant Evanston Insurance Company ("Evanston") for breach of an insurance policy. Plaintiff also brings a claim for negligence per se, based on Evanston's alleged violations of the Oregon Unfair Claims Settlement Practices Act, ORS 746.230. The case comes before the Court on Evanston's motion to certify questions to the Oregon Supreme Court (ECF #114). For the reasons below, the motion is DENIED.

## LEGAL STANDARD

Oregon Revised Statutes § 28.200 governs certification of questions to the Oregon Supreme Court. Under ORS § 28.200, the Oregon Supreme Court may answer questions certified to it by a United States District Court "if there are involved in any proceedings before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent" from the Oregon Supreme Court or Oregon Court of Appeals. ORS § 28.200.

The decision to certify a question "rests in the sound discretion of the district court." *Foraker v. USAA Cas. Ins. Co.*, 2019 WL 486177, at *1 (D. Or. Feb. 7, 2019). The District Court can only exercise its discretion to certify if the proposed question satisfies all five criteria: (1) the certification must come from a designated court; (2) the question must be on of law; (3) the applicable law must be Oregon law; (4) the question must be one that may be determinative of the cause; and (5) it must appear to the district court that there is no controlling precedent in the decision of the Oregon Supreme Court or Oregon Court of Appeals. *W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364, 811 P.2d 627, 630 (1991); see also LR 83-14(a) ("For purposes of this rule, the Court is guided by the certification criteria set forth in *Western Helicopter Services, Inc.*"). If one of the five criteria is absent, the Court shall deny certification. *W. Helicopter Servs., Inc.*, 311 Or. at 366.

Even if all five criteria are satisfied, the District Court may still exercise its discretion to deny certification and decide not to prolong the proceedings, under an abuse of discretion standard. *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th Cir. 2009) ("Even where state law is unclear, resort to the certification process is not obligatory."); *see also Pranger v. Oregon State Univ.*, 2023 WL 111983, at *6 (D. Or. Jan. 4, 2023) ("[E]ven if the

statutory requirements were met, under the Court's discretion, it declines to certify Defendant's proposed question to the Oregon Supreme Court.").

If the District Court certifies, the Oregon Supreme Court can decline to accept certification. Its decision on whether to accept certification is discretionary. *W. Helicopter Servs., Inc.*, 311 Or. at 366. The Oregon Supreme Court considers seven discretionary factors: (1) the existence of controlling precedent; (2) whether the question derives from the *Pullman* cases; (3) comity; (4) the importance of the question; (5) whether the issues are contested; (6) the procedural posture of the case; and (7) whether the court had freedom to restate the question presented. *Id.* at 366-371. Generally, the Oregon Supreme Court's assessment of the first factor—whether there is already controlling Oregon precedent for the question certified—is the most important factor to the Court's analysis. *Id.* at 366. If there is controlling precedent, especially precedent from the Oregon Supreme Court, "that will normally end [the Court's] inquiry" and result in denial of certification. *Id.*

## PROPOSED QUESTIONS FOR CERTIFICATION

Evanston requests that the following questions be certified to the Oregon Supreme Court:

1. Does the Oregon Supreme Court's decision in *Moody v. Oregon Cmty. Credit Union*, 371 Or. 772 (2023) (*Moody*), permit a commercial insured to bring a negligence per se claim for alleged violations of ORS 746.230 against its third-party liability insurer for lost profits—purely economic damages—stemming from the insurer's disclaimer of a defense to an additional insured?

2. Does the Oregon Supreme Court decision in *Farris v. U.S. Fidelity & Guaranty Co.*, 284 Or. 453, 587 P.2d 1015 (1978) (*Farris II*), dictate that an insurer's wrongful disclaimer of coverage only supports a claim for breach of contract, and does not support a negligence per se claim under ORS 746.230?

3. Did *Moody* overrule, or in any way abrogate, *Farris II*?

///
///
///

## DISCUSSION

Evanston's motion to certify questions to the Oregon Supreme Court is denied for two reasons. First, the motion is moot. The questions proposed by Evanston were answered in this Court's Findings and Recommendation ("F&R") (ECF #115), which was entered on October 30, 2024. Second, the questions do not meet the standard for certification because there is controlling precedent in the form of the Oregon Supreme Court's decision in *Moody*.

### I.    The motion, and the proposed questions, are moot.

Certification is presumed improper when the District Court issues an unfavorable opinion, and the losing party thereafter requests certification. *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108 (9th Cir. 2013). Here, Evanston seeks certification of three questions related to *Moody* that would have dictated the outcome of its Motion to Dismiss Plaintiff's Claim for Negligence (#90). Evanston technically filed the Motion to Certify (#114) one day before the Court issued the F&R on Evanston's Motion to Dismiss, but the Motion to Dismiss had already been fully briefed, oral argument heard, and the motion had been under advisement for more than three months. The Court has now already walked through a full analysis and issued an opinion regarding all three of the questions proposed by Evanston. If Judge Aiken adopts the Court's F&R, the questions will be fully resolved. If some part of the F&R is not adopted, the Court will reconsider this portion of the ruling, which finds the motion to be moot.

### II.    *Moody* provides controlling precedent from the Oregon Supreme Court.

Even if all of the other criteria are met, the fifth factor, requiring that there be no controlling precedent in the decisions of the Oregon Supreme Court or Oregon Court of Appeals, is not satisfied. This is made obvious by the proposed questions themselves. All three ask, not about the specific facts of the case as applied to ORS 746.230, or any other statute or law, but

Page 4 – OPINION AND ORDER

instead, they ask for an interpretation of the Oregon Supreme Court's decision in *Moody* and in *Farris II*. The *Moody* decision speaks for itself, and it is the controlling precedent for each of the three questions proposed. The District Court is more than capable of interpreting such a decision and determining how it applies to prior caselaw such as *Farris II*, as well as how it applies to the unique facts of the case at bar. This is the function that the Court undertakes in every case. Therefore the Court declines to certify these questions to the Oregon Supreme Court.

## ORDER

For the reasons above, Defendant Evanston's motion to certify questions to the Oregon Supreme Court (ECF #114) is DENIED.

It is so ORDERED and DATED this 26 day of March, 2025.

MARK D. CLARKE
United States Magistrate Judge